**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**SANTIAGO TURRIETA,**

      **Plaintiff,**

v.                                            **No. CV 10-0192 WJ/LAM**

**ROBERT ULIBARRI, et al.,**

      **Defendants.**

## ORDER GRANTING DEFENDANTS' MOTION TO SEAL *MARTINEZ* REPORT AND EXHIBITS

**THIS MATTER** is before the Court on ***Defendants' Request to Seal Martinez Report and Exhibits*** *(Doc. 27)*, filed as a motion on February 2, 2011. No response to the motion was filed by Plaintiff and the time for doing so has passed, which constitutes consent to grant the motion. *See* D.N.M. LR-Civ. 7.1(b). Having considered the motion, the record of the case, and relevant law, the Court **FINDS** that the motion is well-taken and should be **GRANTED**.

In their motion, Defendants ask the Court to seal their *Martinez* report and its exhibits because they state that the exhibits will include (1) "information concerning medical, behavioral and disciplinary actions concerning twelve inmates other than Plaintiff," and (2) "confidential policies concerning use of force." *Doc. 27* at 1. Defendants state that "[m]aking this information accessible to the Plaintiff or the public will compromise the safety and security of inmates and employees of the correctional facilities in New Mexico." *Id.* On February 7, 2011, Defendants filed their *Martinez* report and its exhibits with a filing restriction of "*Ex Parte*" so that the documents are not accessible to Plaintiff or to the public. *See* [*Doc. 30*]. On February 10, 2011, Defendants filed ***Defendants' Notice of Documents Provided to Plaintiff*** *(Doc. 33)*, wherein they state that they provided a redacted version of the *Martinez* report to Plaintiff, wherein "[n]ames of other inmates,

emergency procedures, security procedures and security transport information were carefully redacted." [*Doc. 33* at 1]. Defendants further state that the exhibits attached to their *Martinez* report as Bates Documents 001-211 "were carefully examined and some were provided to Plaintiff," and that "[d]ocuments revealing names of other inmates, emergency procedures, security procedures and security transport information were carefully redacted." *Id.*

The Court notes that when a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). However, at this time the Court does not find any need for Plaintiff to have access to the information Defendants have redacted from their *Martinez* report and exhibits in order to present conflicting evidence, because that information, in all likelihood, is not pertinent to his claims. For this reason, and because Plaintiff has not objected to Defendants' request, the Court will grant Defendants motion to seal the *Martinez* report and exhibits.[1]

**IT IS THEREFORE ORDERED** that *Defendants' Request to Seal Martinez Report and Exhibits (Doc. 27)* is **GRANTED**.

**IT IS SO ORDERED.**

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]The Court notes that Plaintiff has not filed a response to either the redacted version of the *Martinez* report that was sent to him, or to *Defendants' Motion to Dismiss or Alternatively for Summary Judgment (Doc. 31)*, filed February 7, 2011, and the deadline for doing so has passed. *See Order to File a Martinez Report and Setting Deadlines for Dispositive Motions (Doc. 25)* at 4 ("Plaintiff shall file and serve his response to the *Martinez* report and his responses to NMCD Defendants' dispositive motions **on or before February 24, 2011**.").