## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SANTIAGO TURRIETA,

       Plaintiff,

v.                                            No. CV 10-0192 WJ/LAM

ROBERT ULIBARRI, et al.,

       Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

THIS MATTER is before the Court on *Defendants' Motion to Dismiss or Alternatively for Summary Judgment (Doc. 31)* and **Martinez** *Report of Defendants (Doc. 30),*[2] both filed on February 7, 2011.  Plaintiff has not filed a response to the motion or to the *Martinez* report, and the time for doing so has passed.  *See* [*Doc. 25* at 4] (ordering Plaintiff to file his responses to the *Martinez* report and dispositive motions on or before February 24, 2011).  United States District Judge William P. Johnson referred the claims raised in Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1)* (hereinafter "Complaint") to the undersigned for proposed findings and

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

[2] The Court granted Defendants' motion to file its *Martínez* report under seal because it contained confidential information relating to other inmates and to New Mexico Corrections Department policies, and because Plaintiff did not object to the motion.  *See* [*Docs. 27* and *35*].  Defendants filed a notice stating that they sent a redacted version of the *Martinez* report to Plaintiff wherein "[n]ames of other inmates, emergency procedures, security procedures and security transport information were carefully redacted."  [*Doc. 33*].

a recommended disposition, and a hearing, if necessary.  [*Doc. 7*].  "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M. LR-Civ. 7.1(b).  Thus, pursuant to this local rule, the Court could deem Plaintiff's failure to file and serve a timely response to Defendants' motion as consent to grant the motion and could recommend granting the motion on that basis.  However, the Court prefers to consider Plaintiff's motion on substantive grounds because the interests of justice will be served by doing so.  *See Denver & Rio Grande Western R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 848 (10th Cir. 1997) (explaining that the interpretation of procedural rules "is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects") (citation omitted).  Therefore, having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that ***Defendants' Motion to Dismiss or Alternatively for Summary Judgment (Doc. 31)*** be **GRANTED**, and Plaintiff's claims be dismissed **with prejudice** as set forth below.

## *Background*

Plaintiff is a prisoner being held at the Southern New Mexico Correctional Facility (hereinafter "SNMCF").  [*Doc. 1* at 1].  Plaintiff is proceeding *pro se* and *in forma pauperis*, and he initiated this case on March 2, 2010, by filing his Complaint.  Plaintiff's Complaint alleges that on March 28, 2008, Defendants Lytle, Ritchie, Baca, Gallegos, and Vallejos seriously and permanently injured Plaintiff by unnecessary use of excessive force, and that their actions resulted from a conspiracy to violate Plaintiff's constitutional rights.  *Id.* at 4-7, 9-26.  The Complaint further alleges that Defendant Ulibarri deliberately delayed necessary medical treatment for Plaintiff's

injuries.  *Id.* at 27-28.[3]  Plaintiff contends that Defendants' actions violated his rights under the Fifth,

Eighth, and Fourteenth Amendments.  *Id.* at 18, 20, 23, 25-26, 27.  Plaintiff seeks damages in the

amount of ten-and-a-half-million dollars and for "court and litigation costs."  *Id.* at 7 and 27.

In their motion to dismiss or for summary judgment, Defendants state that Plaintiff's claims

are barred by the Prison Litigation Reform Act ("PLRA") because Plaintiff failed to file a timely

grievance.  [*Doc. 31* at 3-5].  Alternatively, Defendants state that Plaintiff's claims should be

dismissed because:  (1) Plaintiff fails to link the alleged constitutional violations to

Defendant Ulibarri; (2) Plaintiff fails to state a claim for deliberate indifference to Plaintiff's

medical needs; and (3) Plaintiff's excessive force claims involve *de minimus* use of physical force.

*Id.* at 6-9.

### *Legal Standards Under Rule 12(b)(6) and Rule 56*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))

(internal quotation marks omitted).  The "mere metaphysical possibility that *some* plaintiff could

prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the

court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

*these* claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177.  While the well-pled

factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss,

---

[3]The Court notes that Plaintiff's claims against Defendant Campos have been dismissed and Defendant Campos has been dismissed as a party to this action.  [*Doc. 32*].  The remaining defendants will be referred to herein as "Defendants."

neither conclusory allegations nor legal conclusions disguised as factual allegations need be accepted as such. *See Bell Atlantic Corp.*, 550 U.S. at 555-56.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). Once this initial burden is met, the burden shifts to the nonmoving party to present specific, admissible facts from which a rational trier of fact could find for the nonmoving party. *Id.* at 671. The nonmoving party may not rest on his pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Id.*.

Because the parties refer to attachments outside the pleadings, including prison policy and procedures regarding informal complaints, grievances, and exhaustion of administrative remedies, the Court will consider Defendants' motion as a motion for summary judgment. Typically, when a court converts a motion to dismiss into a motion for summary judgment, it "must give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion." *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir.2000) (quotation marks and citation omitted). In the Court's ***Order to File a* Martinez *Report and Setting Deadlines for Dispositive Motions** (Doc. 25)* at 5, the Court gave the parties "**NOTICE that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*,**" and instructed the parties to "**submit whatever materials they consider relevant to Plaintiff's claims and NMCD Defendants' defenses in their submissions related to the *Martinez* report including, but not limited to, any counter-affidavits or other responsive material.**" In addition

4

to this notice, Plaintiff was put on notice that Defendants' motion could be considered under a summary judgment standard because it is titled ***Defendants' Motion to Dismiss or Alternatively for Summary Judgment*** *(Doc. 31)*, and Defendants' arguments therein refer to documents in the *Martinez* report. The Court, therefore, finds that Plaintiff had sufficient notice that this motion could be considered as a motion for summary judgment.

Because Plaintiff is proceeding *pro se*, the Court must review his pleadings liberally and hold them to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, *reh'g denied*, 405 U.S. 948 (1972). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this does not mean that the Court "assume[s] the role of advocate for the pro se litigant." *Id.* Because the Court considers documents provided in Defendants' *Martinez* report as a basis for its recommended disposition, the Court will consider Defendants' motion as a motion for summary judgment.

### *Exhaustion of Administrative Remedies*

Under 42 U.S.C. § 1997e(a) of the Prisoner Litigation Reform Act of 1995 ("PLRA"), a prison inmate is required to complete the prison administrative process before suing over prison conditions. *See Booth v. Churner*, 532 U.S. 731, 733-34 (2001). Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective. *Id.* at 739. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Id.* at 741. Moreover, claims must be fully exhausted through

all of the required steps of a prison grievance procedure. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.") (citation omitted); *see also Starks v. Lewis*, No. 08-6137, 313 Fed. Appx. 163, 165-66, 2009 WL 427108 (10th Cir. Feb. 23, 2009) (unpublished).

The undisputed evidence before the Court is that the Corrections Department had a multi-step grievance procedure (CD-150501) pursuant to Policy CD-150500 in place when Plaintiff was incarcerated, which sets forth the following grievance procedure: (1) the inmate must file an "Inmate Informal Complaint" (form CD-150501.3) within five calendar days from the date of the complaint; (2) if the informal complaint does not resolve the complaint, the inmate may file an "Inmate Grievance" (form CD-150501.1) within 20 calendar days of the date of the complaint; (3) if the inmate files an "Inmate Grievance," the Grievance Officer shall notify the grievant of receipt of the grievance on an "Inmate 2-Day Notice of Receipt of Formal Grievance" (form CD-1505001.2), or will notify the grievant in writing as to the date the grievance was received and the status of the grievance; (4) the Grievance Officer reviews all grievances for proper time limits and necessary information, and will conduct an investigation and complete the Grievance Officer's report portion of the "Inmate Grievance Form;" (5) the investigation by the Grievance Officer and the Grievance Officer's "report and recommendation will be completed and delivered to the Warden for review within 20 working days of receipt of the inmate's grievance with a copy to the inmate;" (6) "[t]he Warden will review the grievance, along with any comments from inmates and staff, and make a decision within 15 working days of receipt of the grievance;" and (7) if the inmate is not satisfied with the Warden's decision regarding the grievance, "the inmate may appeal that decision to the Office of the Secretary of Corrections within seven calendar days of" the date of receipt of

the warden's decision. [*Doc. 30-6*, Exhibit E at 12, 21-25].  The policy regarding inmate grievances defines "Exhaustion of Administrative Remedies" as "[t]he completion of the grievance process through the Department level appeal."  *Id.*, Exhibit E at 14.  Further, the policy explains that "[e]xpiration of a time limit at any stage without a decision will not be deemed a denial of the grievance and will entitle the grievant to move on to the next level for review."  *Id.* Exhibit E at 19.

Regarding his administrative relief, Plaintiff states: "Pursuant to NM Corrections Dept. Policy, I submitted an Informal Inmate Complaint and then a formal Grievance.  Both of these remedies were denied.  Subsequent thereto I filed administrative appeal on the denial and of which appeal were dismissed by the Correctional Departmental appeals officer (e.g., Assistant Secretary of Corrections)."  [*Doc. 1* at 7].  Defendants provide documentation that shows that Plaintiff filed an "Inmate Grievance" regarding the March 28, 2008 incident, and the grievance was signed by Plaintiff on November 6, 2009 and was received by the Grievance Officer on November 17, 2009. *Id.* at 36-39.  This grievance was filed more than a year after the incident - far outside the 20 days required under the Corrections Department policy.  The grievance was denied because it "concerns material not grievous under present policy, and because it "is not timely."  *Id.* at 36.  Plaintiff appealed this grievance, and his appeal was denied because: (1) he failed to submit an informal complaint pursuant to the Corrections Department policy;[4] and (2) his grievance was untimely. [*Doc. 30-6*, Exhibit G at 42].

Denial of a grievance as untimely does not constitute exhaustion of administrative remedies. *Schenlin v. Haun*, No 03-4225, 92 Fed. Appx. 688, 689, 2004 WL 363481 (10th Cir. Feb. 27, 2004)

---

[4]The Court notes that Plaintiff states in his Inmate Grievance that he "previously submitted an Informal Complaint on April 25, 2008." [*Doc. 30-6*, Exhibit F at 38].  However, neither Plaintiff nor Defendants have submitted any documentation showing that an Informal Complaint was made.

(unpublished) ("[A]n inmate who fails to exhaust his administrative remedies by failing to meet the time limit for filing a grievance does not exhaust his administrative remedies by default.") (citing *Jernigan*, 304 F.3d at 1033).   While Plaintiff may have timely filed his "Informal Complaint" (although no documentation of this was submitted to the Court), the record shows that Plaintiff filed his grievance, which is the next step in the Corrections Department's grievance procedure, outside the time period allowed by the Corrections Department policy, so Plaintiff failed to exhaust his administrative remedies.  *See Green v. Sirmons*, No 08-7032, 299 Fed. Appx. 763, 765, 2008 WL 4812348 (10th Cir. Nov. 6, 2008) (unpublished) (holding that a prisoner failed to exhaust administrative remedies when he timely filed an informal complaint, but failed to timely file a grievance, and his grievance was denied as untimely).  Plaintiff fails to offer any explanation for his untimely grievance, so the Court recommends dismissing this action.

## Conclusion

In conclusion, even after accepting as true Plaintiff's allegations and drawing all reasonable inferences in favor of Plaintiff, the undersigned agrees with Defendants that Plaintiff failed to exhaust his administrative remedies.  For this reason, the Court recommends that ***Defendants' Motion to Dismiss or Alternatively for Summary Judgment*** *(Doc. 31)* be granted and Plaintiff's case be dismissed with prejudice.

8

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that *Defendants' Motion to Dismiss or Alternatively for Summary Judgment (Doc. 31)* be **GRANTED** and that all of Plaintiff's claims and this case be **DISMISSED with prejudice**.


*Lourdes A. Martinez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**