## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SANTIAGO TURRIETA,

   Plaintiff,

v.            No. CV 10-0192 WJ/LAM

ROBERT ULIBARRI, et al.,

   Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' ***Proposed Findings and Recommended Disposition*** *(Doc. 36)* ("PF&RD"), filed on May 25, 2011.  On June 20, 2011, Plaintiff filed ***Objections to Report*** *(Doc. 37)* (hereinafter "objections"), and on June 28, 2011, Defendants filed ***Defendant[s'] to [sic] Motion to Strike Untimely Objections or Reply, if Required*** *(Doc. 38)* (hereinafter "motion and response").[1]  In the PF&RD, the Magistrate Judge recommends that ***Defendants' Motion to Dismiss or Alternatively for Summary Judgment*** *(Doc. 31)* be granted because Plaintiff failed to exhaust his administrative remedies, and that Plaintiff's case be dismissed with prejudice.  [*Doc. 36* at 8].  In his objections, Plaintiff states that his case should not be barred for failing to exhaust administrative remedies, and he attaches a copy of an Informal Complaint and Inmate Grievance that were not submitted as part of Defendants'

---

[1]The Court notes that Defendants improperly filed a motion and their response to Plaintiff's objections in one document, which violates D.N.M. Administrative Order 92-88 (May 4, 1992).  This Administrative Order prohibits filing "compound pleadings," and states that practitioners before the Court shall "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought."  The Court cautions counsel for Defendants to file separate documents when addressing separate matters before the Court in the future.  In this case, the Court will consider Document 38 as both a motion to strike Plaintiff's objections as well as a response to Plaintiff's objections.

*Martinez* report or in Plaintiff's response to the *Martinez* report or to Defendants' motion to dismiss. [*Doc. 37* at 1-4]. Having conducted a *de novo* review of the portions of the PF&RD to which Plaintiff objects (*see* 28 U.S.C. § 636(b)(1)(C)), the Court has determined that Plaintiff's objections are without merit. Accordingly, the Court has determined that it will: (1) deny Defendants' motion to strike Plaintiff's objections; (2) overrule Plaintiff's objections; (3) adopt the ***Proposed Findings and Recommended Disposition*** *(Doc. 36)*; (4) grant ***Defendants' Motion to Dismiss or Alternatively for Summary Judgment*** *(Doc. 31)*; and (5) dismiss Plaintiff's claims against Defendants with prejudice.

### *Timeliness of Objections*

Defendants state in their motion and response to Plaintiff's objections that they "request Turrieta's Objections be stricken as untimely." [*Doc. 38* at 1]. Defendants fail to provide any support for this request. The Court notes that objections to the Court's PF&RD were due June 13, 2011, and Plaintiff's objections were filed with the Court on June 20, 2011. However, the Court has reviewed the original envelope in which Plaintiff's objections were mailed, and that envelope has a postmark from the post office dated June 10, 2011. *See* postmark on original copy of [*Doc. 37* at 24] (postmark is illegible on document filed on the Court's docket). For this reason, and because Defendants fail to provide any support for their motion, the Court finds that Defendants' motion to strike Defendant's objections as untimely is without merit and the Court will consider Plaintiff's objections. *See e.g., Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (finding that objections mailed within the time-limit were deemed timely, even when they were filed after the deadline) (citation omitted); *Dembry v. Abbott*, No. 06-1287, 227 Fed. Appx. 744, 746, 2007 WL 1054683 (10th Cir. April 10, 2007) (unpublished) ("We evaluate the timeliness of [the

plaintiff's] objection according to the date the document was signed and mailed . . . and not the date it was filed.") (citations omitted).

### Exhaustion of Administrative Remedies

In the PF&RD, the Magistrate Judge found that Plaintiff did not exhaust his administrative remedies because he filed his Inmate Grievance outside the time period allowed by the Corrections Department's policy.  *See* [*Doc. 36* at 8].  The Magistrate Judge referred to the Inmate Grievance signed by Plaintiff on November 6, 2009, which was more than a year after the March 28, 2008 incident which is the subject of Plaintiff's complaint, and noted that, while Plaintiff refers to an informal complaint filed April 25, 2008, no copy of that complaint was included in the documents submitted to the Court by the parties.  *Id.* at 7, n.4.  In his objections to the PF&RD, Plaintiff attaches a copy of his April 25, 2008 Informal Complaint regarding the March 28, 2008 incident [*Doc. 37* at 3], as well as an Inmate Grievance dated May 20, 2008, which was rejected because the grievance officer reviewing it found that it "concerns material not grievous under present policy." [*Doc. 37* at 4].  Plaintiff also attaches a letter dated May 20, 2008 from the grievance officer stating that the matter of which he is complaining is non-grievable because it involves "disciplinary procedures and findings," and that "[a] separate appeal process is provided by Department policy for disciplinary actions."  *Id.* at 5.  Plaintiff contends that he has exhausted his administrative remedies because the Corrections Department's policy states that "if a grievance is [r]uled non-grievable at any level, that decision may not be appealed through the remaining levels of the grievance procedure."  *Id.* at 1 (citing CD-150500 Policy D.3., attached as part of *Doc. 37* at 11). In their motion and response to Plaintiff's objections, Defendants state that the Informal Complaint and Inmate Grievance were "unknown to Defendants" [*Doc. 38* at 2], and Defendants proceed to address the merits of Plaintiff's claims as a response to Plaintiff's objections.

As explained by the Magistrate Judge in the PF&RD, the Corrections Department's grievance procedure (CD-150501) pursuant to Policy CD-150500 that was in place when Plaintiff was incarcerated, sets forth the following grievance procedure: (1) the inmate must file an "Inmate Informal Complaint" (form CD-150501.3) within five calendar days from the date of the incident giving rise to the complaint; (2) if the informal complaint does not resolve the complaint, the inmate may file an "Inmate Grievance" (form CD-150501.1) within 20 calendar days of the date of the complaint; (3) if the inmate files an "Inmate Grievance," the Grievance Officer shall notify the grievant of receipt of the grievance on an "Inmate 2-Day Notice of Receipt of Formal Grievance" (form CD-1505001.2), or will notify the grievant in writing as to the date the grievance was received and the status of the grievance; (4) the Grievance Officer reviews all grievances for proper time limits and necessary information, and will conduct an investigation and complete the Grievance Officer's report portion of the "Inmate Grievance Form;" (5) the investigation by the Grievance Officer and the Grievance Officer's "report and recommendation will be completed and delivered to the Warden for review within 20 working days of receipt of the inmate's grievance with a copy to the inmate;" (6) "[t]he Warden will review the grievance, along with any comments from inmates and staff, and make a decision within 15 working days of receipt of the grievance;" and (7) if the inmate is not satisfied with the Warden's decision regarding the grievance, "the inmate may appeal that decision to the Office of the Secretary of Corrections within seven calendar days of" the date of receipt of the warden's decision. [*Doc. 30-6*, Exhibit E at 12, 21-25].  The policy regarding inmate grievances defines "Exhaustion of Administrative Remedies" as "[t]he completion of the grievance process through the Department level appeal."  *Id.*, Exhibit E at 14.  Further, the policy explains that "[e]xpiration of a time limit at any stage without a decision will not be deemed a denial

of the grievance and will entitle the grievant to move on to the next level for review." *Id.* Exhibit E at 19.

The Court finds that the newly-filed Informal Complaint and Inmate Grievance do not change the fact that Plaintiff did not comply with the Corrections Department's grievance policy. First, the April 25, 2008 Informal Complaint was filed well past five days after the date of the incident (March 28, 2008), in violation of the Corrections Department's grievance policy. *Id.* Exhibit E at 21. This alone makes it untimely and renders the claim as unexhausted. *See Schelin v. Haun*, No 03-4225, 92 Fed. Appx. 688, 689, 2004 WL 363481 (10th Cir. Feb. 27, 2004) (unpublished) ("[A]n inmate who fails to exhaust his administrative remedies by failing to meet the time limit for filing a grievance does not exhaust his administrative remedies by default.") Second, even though Plaintiff was informed that his complaint was not grievable under CD-Policy 150500, Plaintiff did not appeal the grievance officer's decision that his claims were non-grievable, as he was required to do under the Corrections Department's policy when the time-limit expired for when the Warden was supposed to issue a decision regarding the grievance officer's decision. *See* [*Doc. 30-6*, Exhibit E at 19] ("Expiration of a time limit at any stage without a decision will not be deemed a denial of the grievance and will entitle the grievant to move on to the next level for review."). The Tenth Circuit has held that prisoners are required to exhaust administrative remedies even for what are believed to be non-grievable claims. *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1167 (10th Cir. 2003) (holding that prisoners were required to exhaust their administrative remedies prior to filing their Section 1983 claim even though the defendants' grievance procedures specifically listed the plaintiffs' claims as being non-grievable matters). Third, even though Plaintiff was told in the May 20, 2008 letter from the grievance officer that there is a separate appeal process for disciplinary actions, which apparently the grievance officer

5

considered Plaintiff's claims to fall under ([*Doc. 37* at 5]), Plaintiff does not claim that he complied with that appeal process either.  The Court notes that the exhaustion mandate still applies even if Plaintiff "felt that a prison official's statement frustrated his ability to proceed with administrative remedies."  *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (*abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)) (citation and internal quotation marks omitted) (upholding district court's rejection of claims "concerning confusion and timing difficulties arising from the BOP's separate tracks for tort and civil-rights claims"); *see also Davis v. Corrections Corp. of America*, No. 04-7048, 131 Fed. Appx. 127, 129, 2005 WL 880892 (10th Cir. April 28, 2005) (unpublished) (rejecting claim that educational deficiencies excused prisoner's non-compliance with grievance system because the prisoner "did not describe insurmountable barriers to his filing of grievances and did not show that prison officials had effectively foreclosed his efforts") (citing *Steele*, 355 F.3d at 1214).  Moreover, it appears that Plaintiff was aware that he could appeal the denial of his Inmate Grievance because he did so in 2009 by filing an appeal of his November 17, 2009 Inmate Grievance based on the same incident that is the subject of this proceeding.  *See* [*Doc. 30-6*, Exhibit G at 41].  The grievance on appeal was denied because it was untimely, as was Plaintiff's Informal Grievance he now has attached to his objections.  For these reasons, the Court finds that Plaintiff failed to exhaust his administrative remedies, his objections should be overruled, the PF&RD should be adopted, and Plaintiff's claims should be dismissed with prejudice.  *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) (*overruled on other grounds by Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008)) (explaining that when a prison formally rejects a claim on procedural grounds, or as untimely, the claim should be dismissed with prejudice).

6

**IT IS THEREFORE ORDERED** the *Defendant[s'] to [sic] Motion to Strike Untimely Objections or Reply, if Required (Doc. 38)* is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's ***Objections to Report*** *(Doc. 37)* are **OVERRULED**;

**IT IS FURTHER ORDERED** that the ***Proposed Findings and Recommended Disposition*** *(Doc. 36)* are **ADOPTED** by the Court;

**IT IS FURTHER ORDERED** that ***Defendants' Motion to Dismiss or Alternatively for Summary Judgment*** *(Doc. 31)* is **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____

**UNITED STATES DISTRICT JUDGE**